# Leach *v.* Philadelphia, Harrisburg & Pittsburgh Railroad Company, Appellant.

*Eminent domain—Railroads—Alleys—Right of way—Condemnation—Points for charge—Refusal—Practice, C. P.*

1. A point requesting the court to charge on a number of distinctly different questions without stating what was to be charged was properly refused.

2. Where a railroad company has condemned for railroad purposes an alleged easement of way over an alley and it appears that

such alley was plotted on a recorded plan before plaintiff purchased his land, and plaintiff's deed referred thereto as one of the boundaries to his property, the court did not err in answering plaintiff's point that "so far as the plaintiff's right to recover damages in the present action is concerned it is immaterial whether the public accepted the dedication of the fifteen feet alley or not" by saying "without regard to any rights of the public, this plaintiff may have a right of property, which he obtained by those deeds, bounding that property by an alley......such a right......may be condemned by a proceeding like this......'.If you find......that he considered, and his grantor considered that he had a right of property in that, then he may be compensated for it whatever it may have been worth, that is whatever the deprivation of it may injure or depreciate the value of his property."

Argued June 5, 1918. Appeal, No. 96, Jan. T., 1918, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1917, No. 156, on verdict for plaintiff in case of S. B. Leach v. Philadelphia, Harrisburg & Pittsburgh Railroad Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal from award of viewers in proceedings for condemnation of easement of way over an alley, for railroad purposes. Before GILLAN, J., specially presiding.

From the record it appeared that plaintiff purchased his land in Lower Allen Township, Cumberland County, from the Hummel heirs in three lots, all of which were adjoining; the first by deed in 1902, the second by deed in 1905 and the third by deed in February, 1913. The land was bought according to a plan of lots laid out, acknowledged and recorded prior to his purchase, by the Hummel heirs, the owners of the whole tract. The recorded plans showed a fifteen (15) foot alley running immediately north of the lots conveyed to the plaintiff and immediately south of the right of way of the defendant, and in each of the deeds to the plaintiff this alley was called for as the northern boundary of the various tracts conveyed to him.

At the time of the first purchase by the plaintiff when

he examined the ground he found that the fifteen-foot alley referred to was located on the ground, its position being marked by stakes placed there by the Hummels and its surface showing by wagon tracks and ruts that it had been used and traveled. It appeared that it had been so used by other persons called as witnesses in the trial of the case.

From the time of the first purchase until the taking by the railroad company, the alley was used as a means of access to plaintiff's property by the plaintiff and by the public generally who chose to use it; it was the only regularly planned and plotted means of access to the first tract of land that he bought, and upon which his cement products factory was located. Plaintiff's factory and property generally were planned and arranged so that the alley was a principal means of access. The alley was unobstructed for almost its entire length except that, through a mistake of the contractor, the factory building encroached between four and five feet thereon, ample space for travel however, being left north of said building. In 1912 a portion of the alley was obstructed by movable coal bins but sufficient space for travel was left during the greater part of the time. In the latter part of 1913 the railroad company under its right of eminent domain condemned the entire alley and occupied it with a fill, upon which additional tracks were built, so that plaintiff was entirely excluded from the use of the alley and access to his property from the north.

Further facts appear in Leach v. Philadelphia, Harrisburg & Pittsburgh R. R. Co., 258 Pa. 518.

On the trial the court refused defendant's ninth point for charge which was as follows:

"The court is respectfully moved to instruct the jury what weight and credence to give the testimony of the witness for the plaintiff who could not give any reason for damages; or gave improper reasons, such as, inconvenience of entry to quarry,—removal of building from

alley,—and all matters not relating to easement of passage over said alley, in common with the public, when opened for public use; to define how a dedicated alley can become public; to define the character of use the plaintiff would have in said alley; and charge whether or not the use made of it by the plaintiff, at any or all points in connection with his business was a public use or legal, under the evidence." (3)

Plaintiff's eighth point for charge and the court's answer thereto were as follows:

"Eighth Point. So far as the plaintiff's right to recover damages in the present action is concerned, it is immaterial whether the public accepted the dedication of the fifteen-feet alley or not.

"Answer. We have tried to say to you, gentlemen of the jury that, without regard to any rights of the public, this plaintiff may have a right of property, which he obtained by those deeds, bounding that property by an alley. The right there, is a right of travel over that fifteen feet, if he has such a right, and that his property, without regard to any rights in the public, may be condemned by a proceeding like this. If you find, under the evidence in the case, that he considered, and his grantor considered that he had a right of property in that, then he may be compensated for it whatever it may have been worth, that is, whatever the deprivation of it may injure or depreciate the value of his property." (7)

Verdict for plaintiff for $2,500 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were answers to points for charge (3 and 7).

*J. W. Wetzel,* for appellant.

*E. W. Biddle, Jr.,* for appellee.

PER CURIAM, July 17, 1918:
Appellant's assignments disclose no error on the part

of the court below in the trial of this case which were prejudicial to the rights of the defendant, and they do not, therefore, call for a fourth trial.

Judgment affirmed.